UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON SHIMP, | Civil No. 12cv01537 AJB(RBB) |
| Petitioner, | **ORDER SETTING BRIEFING SCHEDULE FOR PETITION FOR STAY AND ABEYANCE [ECF No. 3]** |
| v. | |
| DANIEL PARAMO, KAMALA HARRIS, | |
| Respondents. | |

Petitioner, Shannon Shimp, a state prisoner proceeding pro se and in forma pauperis, filed a Petition for Writ of Habeas Corpus on June 21, 2012, pursuant to 28 U.S.C. § 2254 [ECF No. 1]. His "Motion for Stay and Abeyance Filed in Conjunction with Petition for Writ of Habeas Corpus" was filed that same day [ECF No. 3]. Shimp asks the Court to hold the Petition in abeyance while he returns to state court to exhaust his unexhausted claims.

In Rhines v. Weber 544 U.S. 269 (2005), the Supreme Court held that district courts have limited discretion to hold in abeyance a mixed habeas petition, that is, one containing both exhausted and unexhausted claims, in order to permit a petitioner to return to state court to exhaust additional claims while the federal proceedings are stayed. Rhines, 544 U.S. at 276-77. The Rhines

1  Court held that "a stay and abeyance 'should be available only in
2  limited circumstances,' and is appropriate only when the district
3  court determines that there was 'good cause' for the failure to
4  exhaust."  Jackson v. Roe, 425 F.3d 654, 661 (9th Cir. 2005)
5  (quoting Rhines, 544 U.S. at 177).  The Court in Jackson noted that
6  the Rhines holding applies to stays of mixed petitions, but Rhines
7  did not comment on the validity of the withdraw and abeyance
8  procedure when unexhausted claims are withdrawn from a mixed
9  petition and the resultant fully-exhausted petition is held in
10 abeyance while petitioner returns to state court to exhaust the
11 unexhausted claims.  Jackson, 425 F.3d at 661.  Because Jackson
12 involved a mixed petition, the court held that Rhines directly
13 controlled and "left for another day the question of whether the
14 stay standard announced by the Supreme Court in Rhines applies to
15 our three-step stay-and-abeyance procedure."  Id.

16     Regardless of whether Shimp's Motion for Stay and Abeyance is
17 subject to the restrictions placed on this Court's discretion to
18 issue a stay as set forth in Rhines, or is subject to the Ninth
19 Circuit's withdraw and abeyance procedure, the Petitioner must
20 satisfy the criteria for issuance of a stay.  Under either
21 procedure, **he must demonstrate there are arguably meritorious**
22 **claims that he wishes to return to state court to exhaust and that**
23 **he is diligently pursuing his state court remedies with respect to**
24 **those claims.**  Jackson, 425 F.3d at 661; see Anthony v. Cambra, 236
25 F.3d 568, 575 (9th Cir. 2000).  Petitioner shall address these
26 concerns in his brief in support of his Motion.  In addition, **he**
27 **should set forth facts in an attempt to demonstrate good cause for**
28 **his failure to timely exhaust the state court remedies.**

The claims that Shimp seeks to return to state court and exhaust are sufficiently identified to permit Respondents to file a response addressing whether the claims are meritorious enough to justify a stay.  Nonetheless, Petitioner has not presented any facts in an attempt to demonstrate good cause for his failure to timely exhaust his state court remedies.  Although Shimp generally maintains that he was diligent in pursuing his state court remedies, he does not allege any facts in support of this contention.  Without more, Petitioner has not asserted sufficient facts to permit Respondents to adequately respond to the purported good cause and diligence.

## CONCLUSION AND ORDER

**The Petitioner** may file a brief in support of his Motion for Stay and Abeyance no later than <u>July 17, 2012</u>.  Any response to the Motion for Stay and Abeyance must be filed by Respondents no later than **August 7, 2012**.  The Petitioner may file a reply to the Respondents' brief by **August 28, 2012**.

**IT IS SO ORDERED.**

Dated:  June 26, 2012

_____
**RUBEN B. BROOKS**
**United States Magistrate Judge**

cc: Judge Battaglia
    All Parties