1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                       SOUTHERN DISTRICT OF CALIFORNIA

10

11   SHANNON SHIMP,                  )    Civil No. 12cv01537 AJB(RBB)
                                     )
12              Petitioner,          )    **ORDER DENYING PETITIONER'S**
                                     )    **MOTION FOR STAY AND ABEYANCE**
13   v.                              )    **FILED IN CONJUNCTION WITH**
                                     )    **PETITION FOR WRIT OF HABEAS**
14   DANIEL PARAMO, KAMALA HARRIS,   )    **CORPUS [ECF NO. 3]**
                                     )
15              Respondents.         )
     _____)
16

17       Petitioner Shannon Shimp, a state prisoner proceeding pro se

18   and in forma pauperis, filed a Petition for Writ of Habeas Corpus

19   on June 21, 2012 [ECF Nos. 1, 5].[1]  There, Petitioner challenges

20   his convictions for vehicular manslaughter on several bases.[2]  In

21   ground one, he alleges that he is actually innocent.  (Id. at 9.)

22   In ground two, he contends that the trial court erred by failing to

23   _____

24       [1] Because Shimp's Petition and "Motion for Stay and Abeyance
     filed in Conjunction with Petition for Writ of Habeas Corpus" are
25   not consecutively paginated, the Court will cite to each using the
     page numbers assigned by the electronic case filing system.

26       [2] At the same trial where Shimp was found guilty of vehicular
     manslaughter, he was also convicted of driving under the influence
27   of alcohol and driving with a blood alcohol content of .08 or more
     and causing injury.  (Lodgment No. 8, Clerk's Tr. vol. 1, 153-54,
28   Sept. 17, 2009.)  Shimp does not appear to challenge these other
     convictions in his federal petition.

                                     1                    12cv1537 AJB(RBB)

1  instruct the jury on excusable homicide. (<u>Id.</u> at 18.) Petitioner

2  asserts, in ground three, that his manslaughter convictions were

3  obtained as a result of prosecutorial misconduct. (<u>Id.</u> at 30.)

4  The fourth claim for relief is that Shimp's trial counsel was

5  ineffective for failing to raise grounds one, two, and three. (<u>Id.</u>

6  at 37.)  In ground five of the Petition, he argues that his

7  appellate counsel was ineffective for failing to raise grounds one,

8  two, three, and four. (<u>Id.</u> at 38.)  Finally, the sixth claim is

9  that Shimp was wrongfully sentenced because he had "no prior moving

10 violations of any kind." (<u>Id.</u> at 39.)

11       On the same day that he filed his Petition, Shimp also filed a

12 "Motion for Stay and Abeyance Filed in Conjunction with Petition

13 for Writ of Habeas Corpus" [ECF No. 3]. There, he asks the Court

14 to stay his federal petition while he exhausts five of the

15 aforementioned claims in state court. (Mot. Stay & Abeyance 1-2,

16 ECF No. 3.)

17       On June 26, 2012, the Court issued an order setting a briefing

18 schedule for the motion to stay [ECF No. 6]. The Court cautioned

19 that in Petitioner's Motion for Stay, he had "not presented any

20 facts in an attempt to demonstrate good cause for his failure to

21 timely exhaust his state court remedies." (Order Setting Briefing

22 Schedule 3, ECF No. 6.) Shimp was given three weeks, until July

23 17, 2012, to file supplemental briefing to cure these deficiencies.

24 (<u>Id.</u>)  Respondents were also ordered to file any response to the

25 motion by August 7, 2012. (<u>Id.</u>)

26       Neither Petitioner nor Respondents filed a response. On

27 September 14, 2012, the Court held a status conference for

28 Respondents to address why they failed to address Shimp's Motion

1   for Stay.  (Mins., Sept. 14, 2012, ECF No. 9.)  As a result of the

2   hearing, the Court extended the deadline for Respondents Paramo and

3   Harris to file a response; Petitioner was also given an extension

4   to file a reply.  (Id.)

5        On September 20, 2012, Respondents filed a "Response to Motion

6   for Stay and Abeyance of Petition for Writ of Habeas Corpus" [ECF

7   No. 10].  There, they argue that Shimp should not be granted a stay

8   under Rhines v. Weber, 544 U.S. 269 (2005), because he has not

9   shown good cause for his failure to raise his unexhausted claims in

10  state court at an earlier time.  (Resp. Mot. Stay 4, ECF No. 10.)

11  Paramo and Harris state that Petitioner may, however, be eligible

12  for a stay pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir.

13  2003), overruled on other grounds by Robbins v. Carey, 481 F.3d

14  1143, 1149 (9th Cir. 2007).  Shimp did not file a reply.

15       The Court finds Petitioner's motion suitable for resolution on

16  the papers.  See S.D. Cal. Civ. R. 7.1(d)(1) (providing that

17  motions may be decided without oral argument); Broadnax v. Cate,

18  Civil No. 12cv560 GPC (RBB), 2012 WL 5335289, at *2-3, (S.D. Cal.

19  Oct. 26, 2012) (resolving motion to stay with an order instead of a

20  report and recommendation).  Upon review of Shimp's Petition, the

21  lodgments, the Motion for Stay, and Paramo and Harris's Response to

22  Motion, and for the reasons discussed below, Petitioner's "Motion

23  for Stay and Abeyance Filed in Conjunction with Petition for Writ

24  of Habeas Corpus" [ECF No. 3] is **DENIED**.

25                **I.   FACTUAL AND PROCEDURAL BACKGROUND**

26       Shimp spent the afternoon of July 22, 2008, drinking at a bar

27  in Ramona, California.  (Lodgment No. 4, People v. Shimp, No.

28  D056650, slip op. at 2 (Cal. Ct. App. Apr. 26, 2011).)  He then

1   proceeded to drive home.  (<u>Id.</u>)  While driving, he crossed a

2   double-yellow line to pass several cars in front of him, lost

3   control of his vehicle, and struck an oncoming car.  (<u>Id.</u>)  The

4   driver of that vehicle, Ian Kinney, was killed.  (<u>Id.</u>)  Kinney's

5   passenger, Tessa Medearis, was injured in the collision but

6   survived.  (<u>Id.</u>)  Shimp's passenger, Joseph Edwards, was also

7   killed.  (<u>Id.</u>)  At the time of the incident, Petitioner's blood-

8   alcohol content was more than twice the legal limit.  (<u>Id.</u>)

9   Methamphetamine was also found in his system.  (<u>Id.</u>)

10       On September 17, 2009, in the Superior Court of California,

11  County of San Diego, a jury convicted Shimp of two counts of gross

12  vehicular manslaughter while intoxicated; driving under the

13  influence of alcohol and causing injury; and driving with a blood

14  alcohol content of .08 or more and causing injury.  (Lodgment No.

15  8, Clerk's Tr. vol. 1, 149, 151, 153-54, Sept. 17, 2009.)  The jury

16  found that Shimp personally inflicted great bodily injury upon

17  Joseph Edwards, Tessa Medearis, and Ian Kinney, and that Petitioner

18  caused death or bodily injury to more than one victim.  (<u>Id.</u>)  On

19  January 8, 2010, Shimp was sentenced to sixteen years in prison for

20  the vehicular manslaughter of Ian Kinney.  (<u>Id.</u> vol. 2, 291, Jan.

21  8, 2010.)  Sentencing was stayed as to the remaining convictions.

22  (<u>Id.</u>)

23       Petitioner appealed the vehicular manslaughter convictions on

24  July 23, 2010; they were affirmed by Division One of the California

25  Court of Appeal, Fourth Appellate District, on April 26, 2011.

26  (<u>See</u> Lodgment No. 1, Appellant's Opening Brief, <u>People v. Shimp</u>,

27  No. D056650 (Cal. Ct. App. Apr. 26, 2011); Lodgment No. 4, <u>People</u>

28  <u>v. Shimp</u>, No. D056650, slip op. at 1, 7.)  On June 6, 2011, he

1  petitioned the California Supreme Court for review.  (Lodgment No.

2  5, Petition for Review, <u>People v. Shimp</u>, No. SD2010700429 (Cal.

3  July 13, 2011).)  The California Supreme Court denied the petition

4  without opinion on July 13, 2011.  (Lodgment No. 6, <u>People v.</u>

5  <u>Shimp</u>, No. S193717, order at 1 (Cal. July 13, 2011).)

6      Shimp then filed a Petition for Writ of Habeas Corpus in this

7  Court on June 21, 2012 [ECF No. 1].  Petitioner maintains that he

8  has also filed a state habeas corpus petition, but provides no

9  proof of that filing.  (<u>See</u> Pet. 3, ECF No. 1.)

10              **II.  LEGAL STANDARD FOR EXHAUSTION**

11      Before a federal court may grant habeas relief on a claim, a

12  petitioner must exhaust all available state judicial remedies.  28

13  U.S.C.A. § 2254(b)(1)(A) (West 2006); <u>Rhines</u>, 544 U.S. at 273-74

14  (referring to total exhaustion requirement of <u>Rose v. Lundy</u>, 455

15  U.S. 509, 522 (1982), <u>abrogated on other grounds by Rhines</u>, 544

16  U.S. 269).  A claim is exhausted only when a petitioner has fairly

17  presented it to the state courts.  <u>Duncan v. Henry</u>, 513 U.S. 364,

18  365 (1995) (citing <u>Picard v. Connor</u>, 404 U.S. 270, 275 (1971)).  To

19  meet the fair presentation requirement, the petitioner must "alert

20  the state courts to the fact that he [is] asserting a claim under

21  the United States Constitution." <u>Hiivala v. Wood</u>, 195 F.3d 1098,

22  1106 (9th Cir. 1999) (citing <u>Duncan</u>, 513 U.S. at 365-66).  The

23  petitioner must "provide the state courts with a 'fair opportunity'

24  to apply controlling legal principles to the facts bearing upon his

25  constitutional claim." <u>Anderson v. Harless</u>, 459 U.S. 4, 6 (1982)

26  (citing <u>Picard</u>, 404 U.S. at 276-77).  By giving state courts the

27  "'opportunity to pass upon and correct' alleged violations of its

28  prisoners' federal rights," comity is promoted, and disruption of

state judicial proceedings is prevented.  <u>Duncan</u>, 513 U.S. at 365

(quoting <u>Picard</u>, 404 U.S. at 275); <u>see also</u> <u>Rose</u>, 455 U.S. at 518;

<u>Fields v. Waddington</u>, 401 F.3d 1018, 1020 (9th Cir. 2005).

Constitutional claims raised in federal proceedings must be

presented to the state courts first.  <u>Baldwin v. Reese</u>, 541 U.S.

27, 31-32 (2004).  The highest state court must have an opportunity

to consider the factual and legal bases of a petitioner's claims

before they are presented to the federal court.  <u>Weaver v.</u>

<u>Thompson</u>, 197 F.3d 359, 364 (9th Cir. 1999) (citing <u>Picard</u>, 404

U.S. at 276; <u>Johnson v. Zenon</u>, 88 F.3d 828, 829 (9th Cir. 1996));

<u>see also</u> <u>Duncan</u>, 513 U.S. at 365; <u>Scott v. Schriro</u>, 567 F.3d 573,

582 (9th Cir. 2009); <u>Davis v. Silva</u>, 511 F.3d 1005, 1008 (9th Cir.

2008).  A claim is not exhausted if it is pending before the

state's highest court.  <u>See</u> <u>Rose</u>, 455 U.S. at 515 ("[A]s a matter

of comity, federal courts should not consider a claim in a habeas

corpus petition until after the state courts have had an

opportunity to act . . . .");  <u>Anderson v. Morrow</u>, 371 F.3d 1027,

1036 (9th Cir. 2004) ("AEDPA's exhaustion requirement entitles a

state to pass on a prisoner's federal claims before the federal

courts do so.").  "It follows, of course, that once the federal

claim has been fairly presented to the state courts, the exhaustion

requirement is satisfied."  <u>Picard</u>, 404 U.S. at 275.

Courts may <u>deny</u> an application for habeas relief on the merits

even if the petitioner has not yet exhausted his state judicial

remedies.  28 U.S.C.A. § 2254(b)(2).  But courts have no authority

to <u>grant</u> relief on unexhausted claims.  <u>Id.</u> § 2254(b)(1)(A).

12cv1537 AJB(RBB)

1                         III.   DISCUSSION

2  **A.    Whether Shimp's Petition Should be Stayed**

3       In his Motion for Stay, Petitioner states that he has

4  exhausted his instructional error claim, but not his remaining

5  claims.  (Mot. Stay & Abeyance 1-2, ECF No. 3.)  Accordingly, he

6  requests a stay of his federal habeas corpus petition while he

7  proceeds to exhaust his unexhausted claims in state court.  (Id. at

8  2.)  Shimp contends that he has diligently pursued these causes of

9  action and that they are meritorious.  (Id.)  Moreover, he alleges

10 that he has already filed a state habeas corpus petition in an

11 attempt to exhaust his claims.  (Id.)

12      Respondents argue that Petitioner's request for a stay may be

13 analyzed under the tests described in Rhines and Kelly.  (Resp.

14 Mot. Stay 3, ECF No. 10.)  Under the Rhines test, Respondents

15 maintain that Shimp is not entitled to a stay because he has not

16 shown good cause for his failure to previously exhaust his claims

17 in state court.  (Id. at 4.)  Paramo and Harris submit that under

18 Kelly, however, Petitioner may be entitled to a stay.  (Id. at 4-

19 5.)

20      **1.   Legal standards applicable to Shimp's Motion for Stay**

21      A "mixed" petition contains both exhausted and unexhausted

22 claims.  See Rose, 455 U.S. at 510.  As noted, Shimp states that

23 his Petition contains exhausted and unexhausted claims.  (Mot. Stay

24 & Abeyance 2, ECF No. 3.)  Respondents appear to agree.  (See Resp.

25 Mot. Stay 3, ECF No. 10 (citing to case law applicable to mixed

26 petitions).)  Indeed, the record supports these contentions.  While

27 Petitioner's instructional error claim was raised on direct appeal

28 and in his petition for review filed with the California Supreme

Court, his actual innocence, prosecutorial misconduct, ineffective assistance of trial counsel, ineffective assistance of appellate counsel, and wrongful sentence claims were not. (<u>See</u> Lodgment No. 1, Appellant's Opening Brief at i, 25, <u>People v. Shimp</u>, No. D056650; Lodgment No. 5, Petition for Review at i, 5, <u>People v. Shimp</u>, No. SD2010700429.)

Mixed petitions may be stayed pursuant to the tests described in either <u>Rhines</u> or <u>Kelly</u>. <u>King v. Ryan</u>, 564 F.3d 1133, 1141 (2009). Petitioner does not articulate under which test he seeks to stay his Petition. (<u>See generally</u> Mot. Stay & Abeyance 1-2, ECF No. 3.) The Court will therefore analyze Shimp's request under both <u>Rhines</u> and <u>Kelly</u>.

**2.  Whether a stay is appropriate under <u>Rhines</u>**

In <u>Rhines</u>, the Supreme Court held that district courts have the discretion to stay a mixed habeas petition and hold it in abeyance to allow a petitioner to present unexhausted claims to state court. <u>Rhines</u>, 544 U.S. at 275. "Once the petitioner exhausts his state remedies, the district court will lift the stay and allow the petitioner to proceed in federal court." <u>Id.</u> at 275-76. "When a petitioner has not exhausted his state remedies before filing a federal habeas petition, a district court may hold the federal petition in abeyance, issue a stay of execution, and allow the petitioner an opportunity to exhaust his state remedies." <u>Neuschafer v. Whitley</u>, 860 F.2d 1470, 1472 n.1 (9th Cir. 1988). Nevertheless, federal courts are not required to "tolerate needless piecemeal litigation, [or] to entertain collateral proceedings whose only purpose is to vex, harass, or delay." <u>Sanders v. United States</u>, 373 U.S. 1, 18 (1963).

1   The Supreme Court explained in <u>Rhines</u> that any stay and
2   abeyance must be consistent with the provisions of the
3   Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).
4   <u>Rhines</u>, 544 U.S. at 276.   AEDPA contains a one-year limitations
5   period; this underscores the statute's goal of reducing delays in
6   the execution of criminal sentences and the "'well-recognized
7   interest in the finality of state court judgments.'"   <u>Id.</u> (quoting
8   <u>Duncan v. Walker</u> 533 U.S. 167 (2001)).   The <u>Rhines</u> Court explained
9   that, if granted too frequently, a stay and abeyance would
10  undermine AEDPA's purposes.   <u>Id.</u> at 277.   Consequently, "stay and
11  abeyance should be available only in limited circumstances."   <u>Id.</u>
12      Still, when a petitioner shows good cause for his failure to
13  exhaust, presents potentially meritorious claims, and demonstrates
14  that he has not engaged in dilatory litigation tactics, "it likely
15  would be an abuse of discretion for a district court to deny a
16  stay."   <u>Id.</u> at 278.   "In such a case, the petitioner's interest in
17  obtaining federal review of his claims outweighs the competing
18  interests in finality and speedy resolution of federal petitions."
19  <u>Id.</u>   <u>Rhines</u> underscores the importance of reducing delays in the
20  execution of state criminal sentences.   Furthermore, the interest
21  in recognizing the finality of state court judgments is fostered.
22  <u>Id.</u> at 276.
23          **a.   Good Cause**
24      Petitioner does not address the issue of good cause in his
25  Motion for Stay, and he did not file a reply to Paramo and Harris's
26  Response.   (<u>See generally</u> Mot. Stay & Abeyance 1-2, ECF No. 3.)   He
27  does generally assert, however, that he has "diligently pursued his
28

9

1  claims and has filed a Petition in California Superior Court on the
2  unexhausted claims." (<u>Id.</u> at 2.)

3      Respondents argue that Shimp has failed to establish good
4  cause for a stay. (Resp. Mot. Stay 4, ECF No. 10.) To support
5  this contention, they cite the Court's June 27, 2012 Order which
6  states, "'Petitioner has not presented any facts in an attempt to
7  demonstrate good cause for his failure to timely exhaust his state
8  court remedies. Although Petitioner generally maintains that he
9  was diligent in pursuing his state court remedies, he does not
10 allege any facts in support of this contention.'" (<u>Id.</u> (quoting
11 Order Setting Briefing Schedule 3, ECF No. 6).)

12     Under <u>Rhines</u>, a court must consider whether "there was good
13 cause for the petitioner's failure to exhaust his claims first in
14 state court." <u>Rhines</u>, 544 U.S. at 277. Neither the Supreme Court
15 nor the Ninth Circuit has defined what constitutes "good cause" for
16 failure to exhaust. The Ninth Circuit merely opined that good
17 cause requires something less than a showing of "extraordinary
18 circumstances." <u>Jackson v. Roe</u>, 425 F.3d 654, 661-62 (9th Cir.
19 2005).

20     Good cause for not previously exhausting a claim has long been
21 relevant in deciding whether to grant a stay of a habeas petition.
22 <u>Fetterly v. Paskett</u>, 997 F.2d 1295, 1301-02 (9th Cir. 1993)
23 (holding that district court abused its discretion when it denied
24 the petitioner's request for a stay to permit new counsel to raise
25 claims overlooked by prior counsel); <u>see</u> <u>Guillory v. Roe</u>, 329 F.3d
26 1015, 1018 (9th Cir. 2003) (discussing tolling and stating that
27 "relevant measure of diligence is how quickly a petitioner sought
28 to exhaust the claims dismissed as unexhausted, and how quickly he

returned to federal court after doing so[]").  <u>See generally</u>
<u>Duncan</u>, 533 U.S. at 181 (noting that AEDPA's clear purpose was to
encourage litigants to exhaust claims in state court before
bringing federal habeas petition).

The good cause standard was recently analyzed in <u>Wooten v.</u>
<u>Kirkland</u>, 540 F.3d 1019 (9th Cir. 2008).  There, petitioner's
attorney filed a direct appeal in the California Court of Appeal
and a petition for review in the California Supreme Court, both of
which were denied.  <u>Id.</u> at 1022.  Although Wooten was "under the
impression" that his counsel presented all of his claims at both
levels of appeal, one claim was omitted from the state supreme
court petition.  <u>Id.</u>  On federal habeas review, the district court
held that the omitted claim was not exhausted.  <u>Id.</u>  It denied
petitioner's motion to stay and hold the case in abeyance while he
returned to state court, concluding that Wooten failed to establish
good cause for his failure to exhaust.  <u>Id.</u> at 1023.  The Ninth
Circuit upheld the district court's decision, stating the
following:

> To accept that a petitioner's "impression" that a claim
> had been included in an appellate brief constitutes "good
> cause" would render stay-and-abey orders routine.
> Indeed, if the court was willing to stay mixed petitions
> based on a petitioner's lack of knowledge that a claim
> was not exhausted, virtually every habeas petitioner, at
> least those represented by counsel, could argue that he
> thought his counsel had raised an unexhausted claim and
> secure a stay.  Such a scheme would run afoul of <u>Rhines</u>
> and its instruction that district courts should only stay
> mixed petitions in "limited circumstances."

<u>Id.</u> at 1024 (quoting <u>Rhines</u>, 544 U.S. at 277).

<u>Wooten</u> declined to adopt a "broad interpretation of 'good
cause.'"  <u>Id.</u>  To do so would "allow[] for routine stays of mixed
petitions[] [and] would also be undermining the goals of AEDPA."

1   Id. (holding that good cause was not established when petitioner
2   mistakenly believed that his attorney exhausted all claims);
3   compare Riner v. Crawford, 415 F. Supp. 2d 1207, 1211 (D. Nev.
4   2006) (finding good cause, pre-Wooten, when a petitioner shows "he
5   was prevented from raising the claim, either by his own ignorance
6   or confusion about the law or the status of his case . . . .").

7       Here, Shimp does not address whether good cause exists for his
8   failure to previously exhaust his new claims in state court. (See
9   generally Mot. Stay & Abeyance 1-2, ECF No. 3.) While he generally
10  maintains that he has "diligently pursued his claims and has filed
11  a Petition in California Superior Court on the unexhausted
12  claims[,]" he does not explain how he acted diligently. (See id.
13  at 2.) Absent any explanation from Shimp, the Court cannot
14  conclude that he has shown good cause for his failure to exhaust.
15  See Velasquez v. Virga, No. 1:12-cv-01326 AWI MJS HC, 2012 WL
16  4210453, at *2 (E.D. Cal. Sept. 18, 2012) ("Petitioner provides no
17  excuse or reasoning for not presenting the claims to the California
18  Supreme Court. This Court is bound to find that he has not shown
19  good cause for a stay under Rhines."); Peregrina v. Knipp, No.
20  1:11-cv-02139 MJS HC, 2012 WL 3879935, at *2 (E.D. Cal. Sept. 6,
21  2012) ("Inasmuch as Petitioner provides no explanation for why he
22  did not present the claim to the California Supreme Court, this
23  Court is bound to find that he has not shown good cause for a stay
24  under Rhines."). Further, Shimp provides no evidence showing that
25  he actually filed a state habeas corpus petition. (See generally
26  Mot. Stay & Abeyance 1-2, ECF No. 3.)

27      Moreover, the Court infers from Petitioner's conduct that he
28  has abandoned any attempt to seek a stay under Rhines. Shimp was

12cv1537 AJB(RBB)

warned in the Court's June 26, 2012 Order that he had failed to establish good cause to stay his Petition.  (Order Setting Briefing Schedule 3, ECF No. 6 ("Nonetheless, Petitioner has not presented any facts in an attempt to demonstrate good cause for his failure to timely exhaust his state court remedies.").)  Sua sponte, the Court gave Petitioner an opportunity to file additional briefing to establish good cause.  (Id.)  Shimp chose not to supplement his motion.

Because Petitioner has failed to show good cause for his failure to exhaust, the Court need not consider whether his arguments are plainly meritless or whether he engaged in intentionally dilatory litigation tactics.  Wooten, 540 F.3d at 1023 ("[T]he district court did not abuse its discretion in concluding that Wooten did not have 'good cause' for failing to exhaust his cumulative error claim.  As a result, we need not reach the other two factors in the Rhines test.").  Thus, to the extent Shimp seeks a stay under Rhines, his "Motion for Stay and Abeyance Filed in Conjunction with Petition for Writ of Habeas Corpus" [ECF No. 3] is **DENIED**.

> **3.   Whether a stay is appropriate under Kelly**

Alternatively, a mixed petition may be stayed pursuant to the three-step approach outlined in Kelly v. Small, 315 F.3d 1063. Under this method, a petitioner must first amend his petition to remove any unexhausted claims.  King, 564 F.3d at 1135 (citing Kelly, 315 F.3d at 1070-71).  Next, "the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims . . . ."  (Id.)  After they are exhausted, the

1   petitioner amends the original petition to include the newly-

2   exhausted claims.  (Id.)  A Kelly stay is appropriate when an

3   outright dismissal of the entire petition will make it difficult

4   for the petitioner to return to federal court and raise any claims

5   within AEDPA's one-year statute of limitations.  King, 564 F.3d at

6   1141.

7       "A petitioner seeking to use the Kelly procedure will be able

8   to amend his unexhausted claims back into his federal petition once

9   he has exhausted them only if those claims are determined to be

10  timely.  And demonstrating timeliness will often be problematic

11  under the now-applicable legal principles."  Id. at 1140-41.  A

12  petitioner proceeding under Kelly must therefore amend his petition

13  to re-allege his deleted claims within AEDPA's one-year statute of

14  limitations.  Solorzano v. Small, No. 1:08-cv-01949 MJS HC, 2012 WL

15  1076099, at *3 (E.D. Cal. Mar. 29, 2012); Rodriquez v. Small, No.

16  1:09-cv-00424 YNP [DLB] (HC), 2009 WL 3763531, at *1 (E.D. Cal.

17  Nov. 9, 2009); Faulkner v. Mule Creek State Prison, No.

18  1:08-cv-00806 YNP DLB (HC), 2009 WL 1844329, at *2 (E.D. Cal. June

19  26, 2009).

20          **a.   Statute of limitations**

21      Shimp does not request a Kelly stay, nor does he request to

22  amend his Petition to withdraw his unexhausted claims.  (See

23  generally Mot. Stay & Abeyance 1-2, ECF No. 3.)  Rather,

24  Respondents raise the issue in their September 20, 2012 Response to

25  Motion.  (See Resp. Mot. Stay 4, ECF No. 10.)  There, Paramo and

26  Harris maintain that Petitioner must amend his petition before the

27  expiration of the statute of limitations.  (Id.)

28

14

1    Respondents state that the California Supreme Court denied

2  Shimp's petition for review on July 13, 2011.  (Id.)  "Adding

3  ninety days for certiorari, . . . the date of finality is October

4  11, 2011.  Shimp has one year from that date, that is until October

5  11, 2012, in which to amend his fully exhausted claims back into

6  his federal petition."  (Id. at 4-5.)  Respondents contend that

7  although Petitioner alleges that he filed a writ of habeas corpus

8  in state court prior to that date, they were unable to locate that

9  petition.  (Id. at 5 n.1.)[3]

10    A petitioner seeking to use the Kelly procedure and amend his

11  petition must demonstrate that the unexhausted claims are timely.

12  King, 564 F.3d at 1140-41.  Shimp's Petition is subject to the

13  Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996

14  because it was filed after April 24, 1996.  28 U.S.C.A. § 2244

15  (West 2006); Woodford v. Garceau, 538 U.S. 202, 204 (2003) (citing

16  Lindh v. Murphy, 521 U.S. 320, 326 (1997)).  All federal habeas

17  petitions are subject to AEDPA's one-year statute of limitations.

18  As amended, § 2244(d) provides:

19        (1) A 1-year period of limitation shall apply to an
          application for a writ of habeas corpus by a person in
20        custody pursuant to the judgment of a State court.  The
          limitation period shall run from the latest of --

21
          (A) the date on which the judgment became final by
22        the conclusion of direct review or the expiration of
          the time for seeking such review;
23

_____

24        [3]  Respondents filed their response on September 20, 2012,
     twenty-one days prior to the expiration of the statute of
25   limitations.  (See id. at 1.)  Although expiration of the
     limitations period was imminent, they did not discuss how this
26   would affect Shimp's request for a stay.  (See id. at 1-5.)  After
     the statute of limitations lapsed, Respondents did not file a
27   supplemental brief clarifying whether they still did not oppose
     Shimp's request to stay his Petition, or the extent to which
28   statutory tolling, equitable tolling, or the relation-back doctrine
     applied.

1              (B) the date on which the impediment to filing an
           application created by State action in violation of
2          the Constitution or laws of the United States is
           removed, if the applicant was prevented from filing
3          by such State action;

4              (C) the date on which the constitutional right
           asserted was initially recognized by the Supreme
5          Court, if the right has been newly recognized by the
           Supreme Court and made retroactively applicable to
6          cases on collateral review; or

7              (D) the date on which the factual predicate of the
           claim or claims presented could have been discovered
8          through the exercise of due diligence.

9   28 U.S.C.A. § 2244(d)(1) (West 2006).

10       On April 26, 2011, the California Court of Appeal issued its

11  opinion on Petitioner's direct appeal from the judgment of

12  conviction.  (Lodgment No. 4, <u>People v. Shimp</u>, No. D056650, slip

13  op. at 1.)  The court affirmed the superior court's judgment.  (<u>Id.</u>

14  at 1, 7.)  Shimp filed a petition for review, which the California

15  Supreme Court denied on July 13, 2011.  (Lodgment No. 5, Petition

16  for Review, <u>People v. Shimp</u>, No. SD2010700429; Lodgment No. 6,

17  <u>People v. Shimp</u>, No. S193717, order at 1.)  He did not file a

18  petition for a writ of certiorari with the United States Supreme

19  Court.

20       United States Supreme Court Rule 13 provides that a petition

21  for certiorari must be filed within ninety days of the entry of an

22  order denying discretionary review by the state supreme court.  <u>See</u>

23  S. Ct. R. 13.  When a habeas petitioner seeks discretionary review

24  by the state's highest court but does not file a petition with the

25  United States Supreme Court, the judgment becomes final when the

26  prisoner's time to petition the Supreme Court expires.  <u>See</u>

27  <u>Gonzalez v. Thaler</u>, __ U.S. __, __, 132 S. Ct. 641, 653-54 (2012).

28

                                   16                    12cv1537 AJB(RBB)

Shimp's judgment became final for the purposes of AEDPA on October 11, 2011, ninety days after the California Supreme Court denied his petition for review.  See id.; see also S. Ct. R. 13. Pursuant to § 2244(d), the statute of limitations for federal habeas corpus began to run on October 12, 2011, the day after the judgment became final.  28 U.S.C.A. § 2244(d)(1)(A); see Corjasso v. Ayers, 278 F.3d 874, 877 (9th Cir. 2002) (explaining that the one-year statute of limitations under AEDPA begins to run the day after the conviction becomes final).  The statute of limitations period would therefore have expired on October 11, 2012.  See Patterson v. Stewart, 251 F.3d 1243, 1245-46 (9th Cir. 2001) (quoting Fed. R. Civ. P. 6(a)) ("In computing any period of time prescribed or allowed . . . by any applicable statute, the day of the act, event, or default from which the designated period of time runs shall not be included.")  Thus, at the time Shimp filed his federal petition and motion to stay on June 21, 2012, AEDPA's one-year statute of limitations had not expired.

Even so, Petitioner did not complete any of the steps required by Kelly prior to the expiration of AEDPA's one-year statute of limitations.  See Solorzano, 2012 WL 1076099, at *3 (noting that a petitioner must withdraw his unexhausted claims from his federal petition, exhaust them in state court, and amend them back into his federal petition prior to the expiration of the statute of limitations); Rodriguez, 2009 WL 3763531, at *1 (same); Faulkner, 2009 WL 1844329, at *2 (same).  Shimp made no attempt to withdraw his unexhausted claims from his Petition prior to October 11, 2012. Even assuming the Court would have allowed Petitioner to amend his Petition prior to October 11, 2012, Shimp provides no evidence that

1   his new claims were fully exhausted by that date.  Finally, he did

2   not attempt to amend his petition to re-allege any newly-exhausted

3   claims.  Accordingly, Petitioner has failed to meet the timeliness

4   requirement under <u>Kelly</u>.

5        A federal petition for writ of habeas corpus may be dismissed

6   with prejudice when it was not filed within AEDPA's one-year

7   statute of limitations.  <u>Jiminez v. Rice</u>, 276 F.3d 478, 483 (9th

8   Cir. 2001).  The statute of limitations is a threshold issue that

9   must be resolved before the merits of individual claims.  <u>White v.</u>

10  <u>Klitzkie</u>, 281 F.3d 920, 921-22 (9th Cir. 2002).  Shimp has not

11  satisfied the test for a stay under <u>Kelly</u>; nevertheless, a stay may

12  be available, if he can show he is eligible for statutory or

13  equitable tolling or that an amended petition that includes his

14  newly exhausted claims will relate back to his original claim for

15  habeas relief.

16             i.   **Statutory tolling**

17       Neither Petitioner nor Respondents address whether statutory

18  tolling applies.  As discussed, however, Shimp does state that

19  after his petition for review was denied by the California Supreme

20  Court on July 13, 2011, he subsequently filed a state habeas corpus

21  petition to exhaust his unexhausted claims.  (Mot. Stay & Abeyance

22  2, ECF No. 3.)  That petition, if it exists, may provide a basis

23  for statutory tolling.

24       The statute of limitations under AEDPA is tolled during

25  periods in which a "properly filed" habeas corpus petition is

26  "pending" in the state court.  28 U.S.C.A. § 2244(d)(2).  The

27  statute specifically provides, "The time during which a properly

28  filed application for State post-conviction or other collateral

18                                      12cv1537 AJB(RBB)

review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Id.; see also Pace v. DiGuglielmo, 544 U.S. 408, 410 (2005). "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8 (2000) (explaining that typical filing requirements include all relevant time limits).

The interval between the disposition of one state petition and the filing of another may be tolled under "interval tolling." Carey v. Saffold, 536 U.S. 214, 223 (2002). "[T]he AEDPA statute of limitations is tolled for 'all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application.'" Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999) (quoting Barnett v. Lamaster, 167 F.3d 1321, 1323 (10th Cir. 1999)); see also Carey, 536 U.S. at 219-22. The statute of limitations is tolled from the time the first state habeas petition is filed until state collateral review is concluded, but it is not tolled before the first state collateral challenge is filed. Thorson v. Palmer, 479 F.3d 643, 646 (9th Cir. 2007) (citing Nino, 183 F.3d at 1006).

Here, while Shimp claims to have filed a state habeas corpus petition, he has not provided the Court with any evidence supporting this assertion. (See Pet. 3, ECF No. 1; see also Mot. Stay & Abeyance 1-2, ECF No. 3.) In the seven months since his Petition and Motion for Stay were simultaneously filed, Petitioner has failed to provide this Court with a case number, a copy of the

19

state court filing, an identification of the county in which it was filed, or a filing date.  Since filing his federal petition, Shimp has had ample time to supplement his motion, but he has chosen not to do so.  Absent any evidence of post-conviction or other collateral review, Petitioner is not entitled to statutory tolling. See Allen v. Paramo, No. 1:12-CV-01235 AWI GSA HC, 2012 WL 6516767, at *3 (E.D. Cal. Dec. 13, 2012); Williams v. Allison, No. ED CV 12-0036 GHK (FMO), 2012 WL 3779094, at *4 (C.D. Cal. July 30, 2012); Vigil v. Gipson, No. CV 11-10360 RGK (JCG), 2012 WL 1163633, at *3 (C.D. Cal. Mar. 13, 2012).  Shimp has failed to meet his burden of proving that a properly filed state habeas corpus petition tolled AEDPA's one-year statute of limitations.  See Banjo v. Ayers, 614 F.3d 964, 967 (9th Cir. 2010) (citing Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002)) (holding that a petitioner has the burden of demonstrating that the limitations period was sufficiently tolled).

### ii.  Equitable tolling

Neither the Petitioner nor the Respondents address whether equitable tolling applies.  Equitable tolling of the statute of limitations is appropriate when the petitioner can show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.'"  Holland v. Florida, 560 U.S. __, __, 130 S. Ct. 2549, 2562 (2010) (quoting Pace, 544 U.S. at 418); see also Lawrence v. Florida, 549 U.S. 327, 335 (2007).  The petitioner bears the burden of establishing the elements.  Roberts v. Marshall, 627 F.3d 768, 771 (9th Cir. 2010). A petitioner is entitled to equitable tolling of AEDPA's statute of limitations where "'extraordinary circumstances beyond a prisoner's

control make it impossible'" to file a timely petition.  <u>Spitsyn v.</u>
<u>Moore</u>, 345 F.3d 796, 799 (9th Cir. 2003) (quoting <u>Brambles v.</u>
<u>Duncan</u>, 330 F.3d 1197, 1202 (9th Cir. 2003)).

"'[T]he threshold necessary to trigger equitable tolling
[under AEDPA] is very high, lest the exceptions swallow the rule.'"
<u>Miranda v. Castro</u>, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting
<u>United States v. Marcello</u>, 212 F.3d 1005, 1010 (7th Cir. 2000)).
The failure to file a timely petition must be the result of
external forces, not the result of the petitioner's lack of
diligence.  <u>Miles v. Prunty</u>, 187 F.3d 1104, 1107 (9th Cir. 1999).
"Determining whether equitable tolling is warranted is a
'fact-specific inquiry.'"  <u>Spitsyn</u>, 345 F.3d at 799 (quoting <u>Frye</u>
<u>v. Hickman</u>, 273 F.3d 1144, 1146 (9th Cir. 2001)).  If a petitioner
makes a "'good-faith <u>allegation that would, if true</u>, entitle him to
equitable tolling[,]'" the petitioner should receive an evidentiary
hearing.  <u>Roy v. Lampert</u>, 465 F.3d 964, 969 (9th Cir. 2006)
(alteration in original) (quoting <u>Laws v. LaMarque</u>, 351 F.3d 919,
921 (9th Cir. 2003)).

Shimp does not allege that he is entitled to equitable
tolling.  (<u>See generally</u> Mot. Stay & Abeyance 1-2, ECF No. 3.)  He
claims to have filed a state habeas corpus petition, but Petitioner
provides no proof that he filed the petition.  (<u>See generally</u> <u>id.</u>)
Thus, there is no indication that he has pursued his actual
innocence, prosecutorial misconduct, ineffective assistance of
trial counsel, ineffective assistance of appellate counsel, or
wrongful sentencing claims in state court, whether diligently or
otherwise.  Further, except for the ineffective assistance of
appellate counsel claim, Shimp's other claims could have been

raised on direct appeal and prior to filing his federal Petition

for Writ of Habeas Corpus. <u>See</u> <u>Holland</u>, 560 U.S. at __, 130 S. Ct.

at 2562; (<u>see also</u> Lodgment No. 1, Appellant's Opening Brief at i,

<u>People v. Shimp</u>, No. D056650; Lodgment No. 5, Petition for Review

at i, <u>People v. Shimp</u>, No. SD2010700429.)  Petitioner would not be

expected to question his appellate attorney's actions while he was

represented, but Shimp provides no evidence that he filed a state

habeas corpus petition after the California Supreme Court denied

his petition for review.  <u>See</u> <u>Doe v. Busby</u>, 661 F.3d 1001, 1012-15

(9th Cir. 2010) (discussing equitable tolling and what is

reasonable diligence when faced with egregious attorney

misconduct).  Accordingly, Petitioner has not demonstrated that he

was reasonably diligent in pursuing these claims or that

extraordinary circumstances "stood in his way." <u>See</u> <u>Holland</u>, 560

U.S. at __, 130 S. Ct. at 2562.

**b.  Relation back**

Neither party addresses whether Shimp's new claims relate back

to his exhausted claim of instructional error.

The Federal Rules of Civil Procedure apply to federal habeas

cases through Federal Rule of Civil Procedure 81(a)(4), 28 U.S.C. §

2242, and Habeas Corpus Rule 12.  <u>See</u> 28 U.S.C.A. § 2242 (West

2012); Rules Governing § 2254 Cases, Rule 12, 28 U.S.C. foll. §

2254; Fed. R. Civ. P. 81(a)(4).  "Amendments made after the statute

of limitations has run relate back to the date of the original

pleading if the original and amended pleadings '[arise] out of the

conduct, transaction, or occurrence." <u>Mayle v. Felix</u>, 545 U.S.

644, 655 (2005) (citing Fed. R. Civ. P. 15(c)(2)).  The applicable

test is whether the claim arises out of a "common 'core of

operative facts' uniting the original and newly asserted claims."
Id. at 659 (citations omitted).

A claim does not arise out of a common core of operative facts
when the claim is "'supported by facts that differ in both time and
type from those the original pleading set forth.'" Schneider v.
McDaniel, 674 F.3d 1144, 1150 (9th Cir. 2012) (citing Mayle, 545
U.S. at 650). "If the newly exhausted claim is not timely under
the AEDPA or the relation-back doctrine does not apply, it may not
be added to the existing petition and a stay is inappropriate."
Garcia v. Evans, No. 1:08-cv-1819 AWI DLB HC, 2012 U.S. Dist. LEXIS
3620, at *5-6 (E.D. Cal. Jan. 6, 2012).

In his motion, Petitioner does not address whether his
unexhausted claims "relate back" to his sole exhausted claim of
instructional error. (See generally Mot. Stay & Abeyance 1-2, ECF
No. 3.) "As the moving party, Petitioner bears the burden of
presenting or demonstrating these other claims 'relate back.'"
Zaragoza v. Martel, No. 09cv01598-DMS (WMc), 2011 WL 1486528, at *3
(S.D. Cal. Jan. 31, 2011) (citing King, 564 F.3d at 1135-43); see
also Henry v. Cate, NO. CIV. 10-2398-JLS WVG, 2011 WL 7461905, *2
(S.D. Cal. Aug. 22, 2011) (holding that petitioner bears the burden
of proving relation back); Olivera v. Scribber, No. CV F 04-5217
OWW WMW HC, 2008 WL 828748, at *7 (E.D. Cal. Mar. 27, 2008) (same).
Absent any showing that his new claims are related to his
instructional error claim, Shimp fails to meet the threshold for
invoking the relation-back doctrine. See Zaragoza v. Martel, 2011
WL 1486528, at *3. Thus, to the extent Petitioner seeks to stay
his Petition under Kelly, his "Motion for Stay and Abeyance Filed

1  in Conjunction with Petition for Writ of Habeas Corpus" [ECF No. 3]

2  is **DENIED**.

3                    **IV.   CONCLUSION**

4       Shimp's Petition is a mixed petition, and therefore it may be

5  stayed under either <u>Rhines</u> or <u>Kelly</u>.  Petitioner has failed to

6  establish good cause for his failure to present the unexhausted

7  claims to the California Supreme Court, pursuant to <u>Rhines</u>.

8  Additionally, AEDPA's statute of limitations has expired, and Shimp

9  has not sufficiently demonstrated that he is entitled to statutory

10 or equitable tolling, or that the relation-back doctrine applies to

11 his new claims.  As a result, he is not entitled to a stay under

12 <u>Kelly</u>.  Petitioner's "Motion for Stay and Abeyance Filed in

13 Conjunction with petition for Writ of Habeas Corpus" [ECF No. 3] is

14 **DENIED.**

15

16 Dated:  February 11, 2013

17                                RUBEN B. BROOKS
                                 United States Magistrate Judge

18 cc:  Judge Battaglia
         All parties of record

19

20

21

22

23

24

25

26

27

28